UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| AMANDA L. DAVIS; CATHERINE M. GEORGE; NICOLE RIVERA<br><br>Plaintiffs<br><br>v.<br><br>WASHINGTON STATE, WASHINGTON STATE DEPARTMENT OF COMMERCE; THERESA BURKHEIMER, and LAUREN WATTS<br><br>Defendants | CAUSE NO.<br><br>COMPLAINT AND<br><br>JURY DEMAND |

COMES NOW the Plaintiffs, Amanda L. Davis, Catherine M. George, and Nicole Rivera by and through her attorneys of record, Richard H. Wooster and Tara Mowreader of the law firm of Kram & Wooster, P.S., for cause of action against the Defendants complain and allege as follows:

## I. JURISDICTION AND VENUE.

COMPLAINT and Jury Demand -Page 1

Law Offices of
**Kram & Wooster, P.S.**
1901 SOUTH "I" STREET
TACOMA, WASHINGTON 98405
(253) 572-4161 Tacoma
(253) 272-7929
(253) 572-4167 Facsimile

1.1     Plaintiff Amanda L. Davis is a resident of Mason County, Washington. Plaintiff is over the age of forty at all times relevant, turning age forty in October 2025.

1.2     Plaintiff Catherine M. George is a resident of Island County, Washington.  Plaintiff George is over age forty and was fifty-nine years old at the time she filed her charge of discrimination with the Equal Employment Opportunity Commission (EEOC).

1.3     Plaintiff Nicole Rivera is a resident of Thurston County, Washington. At all times relevant, Plaintiff was over age forty years old.

1.4     Defendant, State of Washington is State Government, and the Department of Commerce (COM) is a state agency of that government. Many of the actions complained about herein occurred in, or were ratified, in Thurston County Washington.

1.5     Defendant, Lauren Watts ("Watts") was employed by COM as Deputy HR Director and took or directed adverse employment actions against Plaintiffs under color of law.

1.6     Defendant Theresa Burkheimer was at all times relevant, the COM Chief Human Resources Officer and took or directed adverse employment actions against Plaintiff under color of law. Officer and took or directed adverse employment actions against Plaintiffs under color of law.

1.7     The actions of Defendant Burkheimer and Defendant Watts were taken under color of law, with deliberate disregard for Plaintiffs' constitutional rights.

1.8     Jurisdiction is vested in this Court pursuant to 28 U.S.C. §1331 (federal question); 28 U.S.C. §1343 (Civil Rights); and 28 U.S.C. §1367 (Supplemental Jurisdiction).

## II.     FACTUAL BACKGROUND: CATHERINE M. GEORGE

COMPLAINT and Jury Demand -Page 2

Law Offices of
**Kram & Wooster, P.S.**
1901 SOUTH "I" STREET
TACOMA, WASHINGTON 98405
(253) 572-4161 Tacoma
(253) 272-7929
(253) 572-4167 Facsimile

2.1   Plaintiff Catherine George began her career in State Service in 2015. She worked most of that time in Human Resources, first with the Department of Corrections and then with the Department of Commerce, starting in November 2022.

2.2   The Department of Commerce is a division of the State of Washington and Defendant employees more than 500 people.

2.3   Plaintiff George filed a Tort Claim with the State of Washington and more than 60 days have elapsed since the claim was filed. That claim was acknowledged on September 29, 2025, as Tort Claim #1031023698.

2.4   Plaintiff George filed a claim with the Equal Employment Opportunity Commission and has been issued a Notice of Right to Sue. This claim is filed within the 90 period following the Notice of Right to Sue.

2.5    Plaintiff George was wrongfully terminated from her position on September 2, 2025.

2.6   When Lauren Watts was brought onto the COM Human Resources team as the HR Policy Manager and was later elevated to the Manager of the HR Consultants and finally elevated to Deputy Director of HR without an open recruitment and competitive hiring process. Plaintiff George observed acts of discrimination against female employees, including herself. She observed that employees were bullied by Ms. Watts. Numerous employees brought concerns about what Ms. George reasonably believed to be discriminatory treatment by Ms. Watts.

2.7   Plaintiff George brought these concerns forward to Theresa Burkheimer, the Chief Human Resources Officer. Ms. Burkheimer directed Plaintiff George to address the issues with Ms. Watts directly and instructed her to tell the employees with complaints to do the same in order to deal with the complaints and concerns at the lowest level

COMPLAINT and Jury Demand -Page 3

Law Offices of
**Kram & Wooster, P.S.**
1901 SOUTH "I" STREET
TACOMA, WASHINGTON 98405
(253) 572-4161 Tacoma
(253) 272-7929
(253) 572-4167 Facsimile

possible. When this instruction was communicated to the staff who had complained, the staff uniformly expressed to Plaintiff George they were not comfortable addressing the issues with Ms. Watts out of a fear of retaliation. The employees expressed feeling unsafe raising those concerns directly with Ms. Watts.

2.8    Ms. George again met with Ms. Watts concerning her inappropriate and unprofessional communication style and concerns of discrimination. Plaintiff George left that meeting feeling that she would be targeted for retaliation because she raised these concerns about what she reasonably believed to be discriminatory conduct by Ms. Watts. In fact, Ms. Watts put Plaintiff George on a Performance Improvement Plan (PIP) in October 2023. Plaintiff George completed that PIP in December 2023.

2.9    Ms. Watts belittled Plaintiff George in meetings, but not her male coworkers. Plaintiff George was treated different than her younger, male coworkers.

2.10    Ms. Watts began discussing an African American female employee, Ellicia Price with Plaintiff George. She indicated that she and Ms. Henderson were going to extend Ms. Price's trial service period, but could not offer a reason for this action, other than saying "she was not onboarded properly." Plaintiff George felt this was discriminatory because of Ms. Price's race and gender.

2.11    In October 2024, Plaintiff George was reprimanded for not meeting a service level agreement, but male employees were not reprimanded for the same conduct. Ms. Watts engaged in performance management of Plaintiff George in front of the interim Housing Assistant Director, Kennly Asato.

2.12    In December 2024, Amanda Davis was hired as an HR Manager overseeing the HR Business Partners, including Plaintiff George. Ms. Davis is an Asian female, and

Law Offices of
**Kram & Wooster, P.S.**
1901 SOUTH "I" STREET
TACOMA, WASHINGTON 98405
(253) 572-4161 Tacoma
(253) 272-7929
(253) 572-4167 Facsimile

Plaintiff in this action. Ms. Davis informed Plaintiff George she had been instructed to document all alleged performance issues against Plaintiff George and document all discussions between Plaintiff George and her customers.

2.13 Lauren Watts told Ms. Davis that Plaintiff George was a problem performer in the office. Ms. Watts constantly brought up Plaintiff George in her meetings with Ms. Davis. She was told by Ms. Watts her number one priority was to performance manage Ms. George and another employee. However, Ms. Watts took over the process and wrote Plaintiff George's termination notice without any input or consultation with Ms. Davis. She repeatedly told Ms. Davis she was working on Theressa Burkheimer to get her consent to fire both Cathy George and one other employee. Ms. Davis repeatedly stated that she did not see cause to terminate but was overridden. Ms. Davis stated the termination was outside progressive discipline and shared concerns related to risk with Ms. Burkheimer without Lauren present because it was evident Ms. Watts could not be reasoned with, but she had no authority.

2.14 In a meeting with Ms. Watts and Ms. Burkheimer, Ms. Burkheimer stated that she was certain Ms. George would file a discrimination claim. Ms. Burkheimer stated that she believed that the Personnel Review Board would reinstate Ms. George if she appealed her termination, indicating knowledge that cause was not present to fire Ms. George.

2.15 On April 26, 2025, Plaintiff George gave an interview to Karen Sutherland who was investigating complaints concerning Ms. Watts and Ms. Burkheimer. That same day, Ms. Davis, with Ms. Watts in attendance, gave Plaintiff George a written reprimand. Plaintiff George provided additional information to the investigator about the hostile and discriminatory tactics of Ms. Watts and Ms. Burkheimer and met with Ms.

COMPLAINT and Jury Demand -Page 5

Law Offices of
**Kram & Wooster, P.S.**
1901 SOUTH "I" STREET
TACOMA, WASHINGTON 98405
(253) 572-4161 Tacoma
(253) 272-7929
(253) 572-4167 Facsimile

Sutherland on subsequent occasions in May and June. Ms. Watts and Ms. Burkheimer would have received the report provided to HR management with the interview notes of Plaintiff George and other employees.

2.16   On April 14, 2025, Plaintiff George was approved for FMLA. On May 16, 2025, Plaintiff George was informed she was under investigation.

2.17   Ms. Davis was told to monitor Ms. George's email, after Ms. George requested Intermittent Family Medical Leave (FMLA). Ms. Watts indicated that she had been accessing Ms. George's email but had lost access to it. She directed Plaintiff Davis to obtain access to Plaintiff George's emails, which included access to her calendar in addition to all meetings marked private. Ms. Watts told Ms. Davis that she was good friends with interim Housing Assistant Director, Kennly Asato. Ms. Watts met every morning with Kennly Asato and encouraged complaints to be made about Plaintiff George. Ms. Asato regularly asked Ms. Watts how much longer before Plaintiff George would be fired. It was evident that Ms. Watts had shared her efforts to "perform" Plaintiff George out of the agency with Ms. Asato, and had promised Ms. Asato a role on the hiring panel to pick Ms. George's replacement.

2.18   Ms. Davis noted that the Housing Department monthly management meetings were used to humiliate and ridicule Ms. George, and Ms. Asato would deliberately target Ms. George by asking complex and nuanced questions, while ignoring other people in the meetings.

2.19   Following Ms. George's termination, Ms. Davis was instructed to distribute the standard offboarding notification to a broad group of COM personnel, including details regarding the reason for separation. Ms. Davis expressed concerns about the scope of

COMPLAINT and Jury Demand -Page 6

Law Offices of
Kram & Wooster, P.S.
1901 SOUTH "I" STREET
TACOMA, WASHINGTON 98405
(253) 572-4161 Tacoma
(253) 272-7929
(253) 572-4167 Facsimile

distribution and made multiple requests to limit the communication to only those HR personnel responsible for processing the action. Ms. Watts expressed frustration with these repeated requests and questioned why an exception should be made in this instance. Despite this initial resistance, Ms. Watts ultimately approved limiting the distribution after continued follow-up from Ms. Davis.

2.20    Ms. Watts removed Plaintiff George from supporting the Human Resources department as an HR consultant in retaliation for her complaints about what Plaintiff George reasonably believed to be discriminatory conduct. Defendant Watts told Plaintiff Davis that she was purposely humiliating Plaintiff George by not assisting her with the questions during monthly Housing Division HR trainings led by Plaintiff Geroge. Plaintiff George asserts it was for her use of FMLA and opposing Ms. Watts' discriminatory conduct that this planned humiliation was taking place.

2.21    Plaintiff George was reprimanded for spelling errors in a letter, despite her showing examples of other members of HR Leadership misspelling words. Other matters were documented, but not reviewed with Plaintiff George. Plaintiff Davis met with Defendant Watts to discuss steps following the written reprimand and the need for progressive discipline, if appropriate. Defendant Watts argued for Plaintiff George's termination and drafted a termination letter without input from Plaintiff Davis and without following progressive discipline process.

2.22    Plaintiff George was terminated on September 2, 2025.

2.23    As a result of Defendants' conduct, Plaintiff George suffered substantial economic and non-economic damage.

COMPLAINT and Jury Demand - Page 7

Law Offices of
Kram & Wooster, P.S.
1901 SOUTH "I" STREET
TACOMA, WASHINGTON 98405
(253) 572-4161 Tacoma
(253) 272-7929
(253) 572-4167 Facsimile

2.1.    Defendants' conduct was willful and/or undertaken with malice or in reckless disregard for Plaintiff George's federally protected rights.    The actions of Defendants Burkheimer and Defendant Watts were taken under color of law, with deliberate disregard for Plaintiffs' constitutional rights.

2.24    Defendants Watts and Burkheimer took adverse action against the Plaintiff George for speaking out on matters of public concern in violation of her First Amendment Rights.

2.25    Plaintiff George incorporates everything set forth below regarding the other Plaintiffs as though set forth fully herein.

### III.    FACTUAL BACKGROUND: AMANDA DAVIS

3.1    Plaintiff Davis reincorporates everything set forth above as though fully stated herein, as well as everything set forth below regarding the other Plaintiffs. The following paragraphs focus on the factual background of the claims of Plaintiff Davis.

3.2    Plaintiff Davis filed a Tort Claim with the State of Washington.    More than sixty days have passed since it was filed.    She also filed a charge with the Equal Employment Opportunity Commission (EEOC) and has received a Notice of Right to Sue.    This action is filed within the period allowed under that notice of right to sue.    Her EEOC charge alleged discrimination because of her race, Asian, gender, and retaliation for engaging in protected conduct.

3.3    Plaintiff Davis joined COM as the HR Business Services Manager, a Washington Management System (WMS) position on December 16, 2024.    She was part of the expanded Human Resources management team and worked closely with Defendants Watts and Burkheimer on internal HR employee relations matters.    Prior to working

COMPLAINT and Jury Demand -Page 8

Law Offices of
**Kram & Wooster, P.S.**
1901 SOUTH "I" STREET
TACOMA, WASHINGTON 98405
(253) 572-4161 Tacoma
(253) 272-7929
(253) 572-4167 Facsimile

for COM, she had worked for the Department of Social and Health Services for the State of Washington and had approximately 4.5 years of State service credits.

3.4   In at least one meeting Defendant Watts mocked Plaintiff Davis by squinting her eyes and portrayed herself as being Asian.   Plaintiff Davis was highly offended by this behavior and reported concerns of the discriminatory and hostile conduct to Burkheimer.  To Plaintiff Davis' knowledge Defendant Burkheimer took no action on this complaint.

3.5   Defendant Watts regularly interrupted Plaintiff Davis during meetings, addressed her in a harsh and condescending manner, and engaged in intimidating conduct that contributed to a hostile work environment. Defendant Watts accused Plaintiff Davis of overstepping her bounds and thereafter became increasingly aggressive, hostile, and controlling in her interactions. Defendant Watts repeatedly berated Plaintiff Davis for taking initiative, criticized her for accepting assignments from another manager, and insisted that all work be routed exclusively through Watts. This conduct occurred both in the presence of others and during one-on-one meetings. During an in-person management meeting in August 2025, Defendant Watts acted in a dismissive and confrontational manner in front of other managers, and no one present intervened.

3.6   Defendant Watts repeatedly singled out female and minority employees of the Human Resources Department for harsher treatment than white male employees.

3.7   Plaintiff Davis presented her concerns about Defendant Watts' treatment of her and other employees to other managers in the agency, including Defendant Burkheimer. Burkheimer had personally witnessed some of the offensive and discriminatory behavior of Defendant Watts, yet to Plaintiff Davis's knowledge, took no action to

Law Offices of
**Kram & Wooster, P.S.**
1901 SOUTH "I" STREET
TACOMA, WASHINGTON 98405
(253) 572-4161 Tacoma
(253) 272-7929
(253) 572-4167 Facsimile

address the behavior even after Plaintiff Davis made complaints directly to Defendant Burkheimer.

3.8     Defendant Watts shared with Plaintiff Davis her desire to remove Plaintiffs George and Rivera from their employment at COM.

3.9     Plaintiff Davis repeatedly observed that Defendant Watts and Defendant Burkheimer treated other COM female employees, including but not limited to Plaintiff George and Plaintiff Rivera is a harsh and discriminatory manner.   Plaintiff Davis saw what she reasonably believed to be a pattern of disparate treatment by them of employees where women and minority employees were treated worse, targeted and heavily scrutinized, compared to the white, male employees within the HR department.  She also perceived that the employees subject to mistreatment were older.

3.10    Plaintiff Davis's medical privacy was violated by Defendant Watts accessing her FMLA paperwork and sharing it inappropriately.  Defendant Watts told Plaintiff Rivera, who monitored and advised the COM management on FMLA issues, that Plaintiff Davis would not be returning following FMLA.

3.11    The treatment of employees in the COM by Defendant Watts and Defendant Burkheimer and complaints from employees resulted in an investigation Karen Sutherland, Attorney at Law and Private Investigator with Ogden Murphy Wallace P.LLC.  Plaintiff Davis was called as a witness in the investigation on or about March 31, 2025.   In May 2025, Plaintiff Davis scheduled a meeting with Defendant Burkheimer and was pressured to give details about what she told the investigator. Following this meeting, Plaintiff Davis was scolded by Defendant Watts for not following the chain of command.

COMPLAINT and Jury Demand -Page 10

Law Offices of
**Kram & Wooster, P.S.**
1901 SOUTH "I" STREET
TACOMA, WASHINGTON 98405
(253) 572-4161 Tacoma
(253) 272-7929
(253) 572-4167 Facsimile

3.12   In May 2025, Plaintiff Davis became the Human Resources Consultant for the HR division, assuming the customer base previously handled by Plaintiff George. In the same announcement, Defendant Watts removed Plaintiff Rivera from her primary protected-leave-related duties for the HR division and directed any protected leave requests and related HR responsibilities would instead be routed to Plaintiff Davis as the designated HR contact for the HR Department. Plaintiff Rivera was a subject matter expert on FMLA issues and process. Defendant Watts provided no non-discriminatory reason for this action.

3.13   After repeated attempts to address Defendant Watts's mistreatment had no effect, the hostile work environment took a serious toll on Plaintiff Davis's health. Davis experienced a significant decline in her physical and mental well-being, required frequent medical appointments, and ultimately needed to take FMLA leave. Even then, the mistreatment persisted, as Watts continued to send and direct numerous emails to Davis while she was on leave, disputing and dictating her leave coding. As a result of the discrimination, retaliation, hostile work environment, and interference with her protected leave, Plaintiff Davis reasonably believed she had no choice but to resign her position, which she contends her resignation was not voluntary but was a constructive discharge.

3.14   On September 8, 2025, while seriously considering resigning from state service due to the intolerable conditions at Commerce, Plaintiff Davis made a lump-sum payment to the Washington State Department of Retirement Systems to ensure her pension would vest, at a time when she was approximately ten months from vesting eligibility. She

Law Offices of
**Kram & Wooster, P.S.**
1901 SOUTH "I" STREET
TACOMA, WASHINGTON 98405
(253) 572-4161 Tacoma
(253) 272-7929
(253) 572-4167 Facsimile

subsequently accepted employment with another state agency in a lower-level role, all of which have contributed to significant economic losses.

3.15   Defendant Watts and Defendant Burkheimer terminated Plaintiff Davis's direct report, Plaintiff George. Before the termination, Plaintiff Davis privately raised concerns with Defendant Burkheimer that termination was not supported by just-cause principles or reasonable performance metrics, and that it posed unnecessary risk to Commerce and to Defendant Burkheimer as the appointing authority. Plaintiff Davis also understood that Defendant Watts attempted to persuade the Assistant Attorney General to support termination rather than progressive steps and later used work-related examples that Davis had documented at Watts's direction to argue that there was no path for George to improve. Immediately following George's termination, Defendant Watts asked Plaintiff Davis about voluntarily demoting from her WMS position into the newly vacated HRC 4 position, stating that Defendant Burkheimer supported this move. Plaintiff Davis perceived the termination of her direct report and the proposal that she demote into George's former, lower-status role as retaliatory and as an effort to push her out of her WMS position

3.16   On September 9, 2025, Plaintiff Davis submitted FMLA documentation. In connection with her request, Defendant Burkheimer deviated from standard agency procedures and treated Plaintiff Davis differently from other employees with respect to evaluating her eligibility. Then Plaintiff Davis was immediately informed her probation was being extended from 12 to 18 months. Plaintiff Davis reached out the Equal Employment Opportunity Commission.

3.17   Plaintiff Davis noted that her emails had been accessed during her absence.

COMPLAINT and Jury Demand -Page 12

Law Offices of
**Kram & Wooster, P.S.**
1901 SOUTH "I" STREET
TACOMA, WASHINGTON 98405
(253) 572-4161 Tacoma
(253) 272-7929
(253) 572-4167 Facsimile

3.18   On or about September 29, 2025, Plaintiff Davis filed a Tort Claim (1021046) with the State of Washington regarding the discriminatory and retaliatory conduct against her.

3.19   Plaintiff Davis sent an email to Theresa Burkheimer and COM Chief Operations Officer (COO), Daniel Zavala requesting a neutral party review to address concerns she regarded as discriminatory and retaliatory. Plaintiff Davis also contacted Janette Sheehan of the Office of Financial Management to request a meeting and subsequently met with Ms. Sheehan to discuss her concerns regarding the treatment of herself and other employees by Defendants Watts and Burkheimer. She also made public records requests.

3.20   Plaintiff Davis reached out to COM Director Joe Nguyen regarding the COM policies on FMLA and enforcement of those policies. That previous day, Defendant Watts rejected Plaintiff Davis's FMLA requests. Plaintiff Davis sent an email to Defendant Burkheimer inquiring why she was being subjected to disparate treatment in her requests for leave.

3.21   Plaintiff Davis observed that Defendant Watts was not properly handling public records requests under the Washington Public Records Act. Defendant Watts was allowed by COM to act as the gatekeeper for those requests. Plaintiff Davis observed that Defendant Watts was concealing documents that were responsive to Public Records Requests and suspected that documents had been removed from the system to avoid disclosure. At one point a grievance was filed by a public employee union regarding the concealment of documents. Plaintiff Davis submitted a whistleblower complaint to the State Auditor regarding these concerns.

Law Offices of
Kram & Wooster, P.S.
1901 SOUTH "I" STREET
TACOMA, WASHINGTON 98405
(253) 572-4161 Tacoma
(253) 272-7929
(253) 572-4167 Facsimile

3.22   On or about October 1, 2025, Plaintiff Davis emailed the Office of Financial Management representative, Amber Leaders, regarding their meeting on September 30, 2025. That email provided follow up documentation on what Plaintiff Davis described as "pervasive discriminatory, retaliatory and hostile work environment within the COM Human Resources Department."

3.23   On or about December 18, 2025, Plaintiff Davis made a complaint to the State of Washington Executive Ethics Board regarding systemic efforts by senior leadership at the Washington State Department of Commerce to conceal, destroy, and obstruct access to public records, and for retaliation against whistleblowers for engaging in protected activity. These actions violate the Ethics in Public Service Act, chapter 42.52 RCW, and related statutes governing public records and preservation of official documents. Included among her complaints were concerns about the mistreatment of another COM employee, Ellycia Price. She referenced specific documents referenced in an email from June 11, 2025, regarding a draft report regarding COM HR staff, including Defendant Burkheimer, showing the investigative findings were circulated among COM executives. That document bears public records tracking number P1853-25-000855 Yet later, COM claimed no such document existed. Due to the lack of any indication Defendant COM was addressing her concerns of discrimination and retaliation in a timely manner, Plaintiff Davis deemed that she was constructively discharged.

3.24   The actions of Defendants Burkheimer and Defendant Watts were taken under color of law, with malice and deliberate disregard for Plaintiff Davis's constitutional rights.

3.25   As a result of the actions of Defendants stated herein, Plaintiff Davis has suffered substantial economic and non-economic damages in amounts to be proven at trial.

COMPLAINT and Jury Demand -Page 14

Law Offices of
**Kram & Wooster, P.S.**
1901 SOUTH "I" STREET
TACOMA, WASHINGTON 98405
(253) 572-4161 Tacoma
(253) 272-7929
(253) 572-4167 Facsimile

## IV.    FACTUAL BACKGROUND: NICOLE RIVERA

4.1.    Plaintiff Rivera reincorporates everything set forth above and below as though fully stated herein. The following paragraphs will focus on the factual background of the claims of Plaintiff Rivera.

4.2.    Plaintiff Rivera is a female, over the age of forty years old at all times relevant, and was working in the Human Resources Department of the Department of Commerce (COM).   Plaintiff Rivera was the subject matter expert and handled the issues related to COM employees' requests for Family Medical Leave Act (FMLA) leave and Paid Family Medical Leave under the Washington State Department of Employment Security.

4.3.    Plaintiff Rivera has 22 years of service as an employee with the State of Washington, including the last ten years with COM in the Human Resources Department.  During that time, she enjoyed consistent performance reviews as a strong performer at COM.

4.4.    In 2022, Defendant Lauren Watts joined the HR department at COM and worked closely with Defendant Theresa Burkheimer. After the Defendants began managing the Department, Plaintiff Rivera began to experience ongoing harassment, discriminatory treatment and retaliation for opposing the unlawful action of Defendant Watts and Defendant Burkheimer.  This included but was not limited to exclusion from meetings and communications required to perform her job.    Inconsistent and inflated performance expectations were more onerous than her peers.  Dismissive, hostile and isolating conduct in the workplace.   Denial of advancement, professional development and training opportunities.   Unwarranted disciplinary documentation. Removal of key

COMPLAINT and Jury Demand –Page 15

Law Offices of
**Kram & Wooster, P.S.**
1901 SOUTH "I" STREET
TACOMA, WASHINGTON 98405
(253) 572-4161 Tacoma
(253) 272-7929
(253) 572-4167 Facsimile

job duties. Unwarranted and retaliatory investigations aimed at undermining her standing at COM and damaging her reputation.

4.5. In November of 2024 Plaintiff Rivera raised formal concerns about the treatment by Defendant Watts and Defendant Burkheimer of Plaintiff Rivera and other employees which caused Plaintiff Rivera to reasonably believe the actions were substantially motiated by unlawful age, gender and race bias. Plaintiff Rivera reported ongoing harassment, bullying, dismissive and unprofessional behavior aimed at minority employees, including Plaintiff Rivera.

4.6. Within days of reporting her concerns, Plaintiff Rivera received a pre-disciplinary letter alleging "failure to meet performance expectations" from July – October 2024, an action initiated by Defendant Watts.

4.7. Plaintiff Rivera met several times with investigators on these issue of reported misconduct by Defendant Watts and Defendant Burkheimer. Plaintiff Rivera truthfully reported the discrimination she had experienced and observed being inflicted on other COM employees.

4.8. Plaintiff Rivera met with Plaintiff Davis who was her supervisor on April 23, 2025. Ms. Davis indicated that an incident at the duty station had raised a concern about performance and failure to provide proper notice. In this meeting, Plaintiff Rivera stated that she felt she was being treated differently from male employees who are not held to the same level of accountability.

4.9. On April 30, 2025, Defendant Burkheimer in her role as Chief Human Resources Officer (CHRO) initiated an investigation into Plaintiff Rivera. This investigation was initiated after Plaintiff Rivera participated as a witness in an investigation involving

Law Offices of
**Kram & Wooster, P.S.**
1901 SOUTH "I" STREET
TACOMA, WASHINGTON 98405
(253) 572-4161 Tacoma
(253) 272-7929
(253) 572-4167 Facsimile

Defendants Burkheimer and Defendant Watts and allegations of their hostile and discriminatory conduct. Plaintiff Rivera alleges that the initiation of this investigation was retaliatory and discriminatory, and was undertaken in response to her protected activity.

4.10. Plaintiff Rivera informed Defendants Burkheimer and Defendant Watts that she had a serious medical condition that required use of FMLA leave and related back to a FMLA prior leave request in November 2024. Defendant Burkheimer stated the investigation of Plaintiff Rivera was being expanded and that the investigation would be conducted the by the HR Manager and HR Consultant from the Department of Ecology. Plaintiff Rivera asserts this action was unfounded, retaliatory and violated expectations of fairness and neutrality required under WAC 357-40.

4.11. Plaintiff Rivera asserts that Defendants Burkheimer and Defendant Watts misused the internal investigation process to target employees who reported and provided evidence of what wass reasonably believed to be unlawful discriminatory and retaliatory behavior by Defendants Burkheimer and Defendant Watts. Defendants Burkheimer and Defendant Watts selected "investigators" with whom one or both had prior relationships, thereby violating the employees due process rights, and misuse state resources for improper, retaliatory purposes in violation of RCW 49.60.210; WAC 357-40 and RCW 42.52.

4.12. As a result of the Defendants' actions, Plaintiff Rivera suffered substantial economic and non-economic damages as will be proven at trial.

4.13. The actions of Defendants Burkheimer and Defendant Watts were taken under color of law, with malice and/or deliberate disregard for Plaintiff Rivera's constitutional rights.

COMPLAINT and Jury Demand -Page 17

Law Offices of
**Kram & Wooster, P.S.**
1901 SOUTH "I" STREET
TACOMA, WASHINGTON 98405
(253) 572-4161 Tacoma
(253) 272-7929
(253) 572-4167 Facsimile

## V.   CAUSES OF ACTION AND PRAYER FOR RELIEF.

5.1   Plaintiff George asserts that she was terminated in violation of the Washington Law Against Discrimination, RCW 49.60 et. seq (WLAD) and Title VII, 42 U.S.C. §2000e; because of her gender, and for opposing what she reasonably believed to be discriminatory conduct of Defendants Watts and Burkheimer.

5.2   Plaintiff George asserts that she was terminated and discriminated against because of her age in Violation of the Washington Law Against Discrimination and RCW 49.44.090; and the Age Discrimination in Employment Act, 29 U.S.C. §621, *et seq.*

5.3   Plaintiff George asserts she was fired for exercising her rights to take leave under the Family Medical Leave Act, 29 U.S.C. §2601, *et seq.*

5.4   Plaintiff George asserts that she suffered adverse employment actions in violation of the Public Policy of the State of Washington.

5.5   Plaintiff George asserts her clearly established Constitutional Rights were violated in contravention of 42. U.S.C. §1983 for reporting matters of public concern.

5.6   Plaintiff Davis asserts that she was terminated in violation of the Washington Law Against Discrimination, RCW 49.60 et. seq (WLAD) and Title VII, 42 U.S.C. §2000e; because of her gender, and for opposing what she reasonably believed to be discriminatory conduct of Defendants Watts and Burkheimer.

5.7   Plaintiff Davis asserts that she was terminated and discriminated against because of her age in Violation of the Washington Law Against Discrimination and RCW 49.44.090; and the Age Discrimination in Employment Act, 29 U.S.C. §621, *et seq.*

5.8   Plaintiff Davis asserts she was fired for exercising her rights to take leave under the Family Medical Leave Act, 29 U.S.C. §2601, *et seq.*

COMPLAINT and Jury Demand -Page 18

Law Offices of
**Kram & Wooster, P.S.**
1901 SOUTH "I" STREET
TACOMA, WASHINGTON 98405
(253) 572-4161 Tacoma
(253) 272-7929
(253) 572-4167 Facsimile

5.9     Plaintiff Davis asserts she suffered unlawful adverse employment actions for making a State Whistleblower claim under RCW 42.40.

5.10    Plaintiff Davis asserts that she suffered adverse employment actions in violation of the Public Policy of the State of Washington for having filed an Ethics complaint about the matters stated herein with the Washington State Executive Ethics Board.

5.11    Plaintiff Davis asserts that her clearly established Constitutional Rights were violated in contravention of 42. U.S.C. §1983 for reporting matters of public concern.

5.12     Plaintiff Rivera asserts that she was harassed, subject to retaliation, and discriminated against  in violation of the Washington Law Against Discrimination, RCW 49.60 et. seq (WLAD) and Title VII, 42 U.S.C. §2000e; because of her gender, and for opposing what she reasonably believed to be discriminatory conduct of Defendants Watts and Burkheimer.

5.13    Plaintiff Rivera  asserts that she was subject to retaliation, and discriminated against because of her age in Violation of the Washington Law Against Discrimination and RCW 49.44.090; and the Age Discrimination in Employment Act, 29 U.S.C. §621, *et seq.*

5.14    Plaintiff Rivera  asserts she was subject to retaliation, and discriminated for exercising her rights to take leave under the Family Medical Leave Act, 29 U.S.C. §2601, *et seq.*

5.15    Plaintiff Rivera  asserts her clearly established Constitutional Rights were violated in contravention of 42. U.S.C. §1983 for reporting matters of public concern.

5.16    Plaintiff Rivera asserts that she suffered adverse employment actions in violation of the Public Policy of the State of Washington.

Law Offices of
**Kram & Wooster, P.S.**
1901 SOUTH "I" STREET
TACOMA, WASHINGTON 98405
(253) 572-4161 Tacoma
(253) 272-7929
(253) 572-4167 Facsimile

5.17   All Plaintiffs further asserts that the case of *Raines v. Washington,* 100 Wn.2d 660, 674 P.2d 165 (1983) was wrongly decided and the State of Washington gave up sovereign immunity under 42 U.S.C. §1983 when it adopted RCW 4.92.090 when the legislature unequivocally stated that: "The state of Washington, whether acting in its governmental or proprietary capacity, shall be liable for damages arising out of its tortious conduct to the same extent as if it were a private person or corporation." Plaintiffs seek certification of this question before the Washington State Supreme Court.

WHEREFORE, Plaintiffs pray for judgment against the defendants as follows:

1.   General and Special Damages in an amount to be proven at the time of trial.

2.   Punitive damages as permitted by law.

3.   For equitable relief as appropriate including reinstatement, purging information from Plaintiff's personnel file, training for Defendants, tax relief, or such actions as the Court may deem appropriate.

4.   Costs and attorneys' fees as may be allowed by statute or the common law, including 29, U.S.C. § 2617,  42 U.S.C. § 1988, 42 U.S.C. § 12205, and RCW 49.60. et. seq., including expert witness fees.

5.   That these pleadings be deemed to conform to the proof presented at trial.

6.   For leave to freely amend these pleadings as justice may allow.

For such other and further relief in favor of the Plaintiff as the Court deems just and proper or equitableDATED this _4th_ day of May 2026.

KRAM & WOOSTER, P.S.

Richard H. Wooster WSBA #13752

COMPLAINT and Jury Demand -Page 20

Law Offices of
**Kram & Wooster, P.S.**
1901 SOUTH "I" STREET
TACOMA, WASHINGTON 98405
(253) 572-4161 Tacoma
(253) 272-7929
(253) 572-4167 Facsimile

Tara Mowreader WSBA #62627
Attorneys for Plaintiff

COMPLAINT and Jury Demand - Page 21

Law Offices of
**Kram & Wooster, P.S.**
1901 SOUTH "I" STREET
TACOMA, WASHINGTON 98405
(253) 572-4161 Tacoma
(253) 272-7929
(253) 572-4167 Facsimile

## JURY DEMAND

COMES NOW the Plaintiff, and pursuant to Rule 38 of the Federal Rules of Civil Procedure, hereby requests a six-person jury in the above referenced matter.

Dated this 4th day of May 2026.

KRAM & WOOSTER, P.S.

Richard H. Wooster WSBA #13752
Tara Mowreader WSBA #62627
Attorneys for Plaintiff

COMPLAINT and Jury Demand -Page 22

Law Offices of
**Kram & Wooster, P.S.**
1901 SOUTH "I" STREET
TACOMA, WASHINGTON 98405
(253) 572-4161 Tacoma
(253) 272-7929
(253) 572-4167 Facsimile